# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| HELEN CHAUTIN, ET AL | * | CIVIL ACTION NO. 08-1265 |
| --- | --- | --- |
| VERSUS | * | JUDGE DOHERTY |
| SPECIALTY RETAILERS, INC. | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION
## ON MOTION TO DISMISS AND ORDER

Pending before the undersigned for Report and Recommendation is the Motion to Dismiss filed by defendant, Specialty Retailers, Inc., d/b/a/ Stage ("Stage"), on November 21, 2008 [rec. doc. 6]. No opposition has been filed, and the deadline for response has expired.[1] Oral argument was held on March 18, 2009.[2] Appearing at the hearing was Jennie P. Pellegrin, representing defendant, Specialty Retailers, Inc. No one appeared on behalf of the plaintiffs, Helen Chautin and Leroy Chautin. Based on the following reasons, the undersigned recommends that the motion be **GRANTED**, and that all of plaintiffs' claims be **DISMISSED WITH PREJUDICE**.

---

[1] LR 7.5W provides that opposition shall be filed within fifteen (15) days after service of the motion.

[2] Court time: 15 minutes.

## Background

On May 15, 2008, plaintiffs, Helen and Leroy Chautin ("Chautin") filed a Petition for Damages in the 13th Judicial District Court, Parish of Evangeline, State of Louisiana, alleging that Helen Chautin sustained injuries when her shoe bumped upon the rubberized stripping in a Stage store, causing her to fall. The alleged accident occurred on May 1, 2007 in Ville Platte, Louisiana. The lawsuit was removed to this Court on the basis of diversity jurisdiction.

On November 21, 2008, Stage filed a Motion to Dismiss on the grounds that plaintiff had failed to comply with the facsimile filing statute, LA. REV. STAT. ANN. 13:850, and that therefore, the action had prescribed. Stage's counsel, Jennie Pellegrin, represented that she had provided a service copy to Chautin's counsel, Jocelin M. Sias, contemporaneously with the filing of the motion. By Notice dated November 24, 2009, the motion was initially set before Judge Rebecca F. Doherty on January 23, 2009. [rec. doc. 7].

On November 25, 2008, Judge Doherty referred the motion to the undersigned. [rec. doc. 8]. By Notice dated November 26, 2008 [rec. doc. 9], the motion was set before the undersigned on January 21, 2009 [rec. doc. 10]. By Minute Entry dated January 13, 2009, the motion was reset for oral argument on March 18, 2009. [rec. doc. 11].

At the hearing on March 18, 2009, Ms. Pellegrin stated that she had hand-delivered a copy of the motion, memorandum and exhibits to Ms. Sias on February 19, 2009, and notified her in the cover letter that the hearing date had been changed to March 18, 2009. A copy of this letter was hand-delivered to the undersigned's chambers on February 19, 2009 [attached]. Ms. Pellegrin stated that she had tried to reach Ms. Sias on March 13, 2009, but got her answering machine. Ms. Pellegrin then left a message reminding Ms. Sias of the hearing, and notifying Ms. Sias that Ms. Pellgrin was planning to attend.

At the hearing, Ms. Pellegrin presented the undersigned with a letter from Ms. Sias [attached] which was sent by fax on March 18, 2009, the day before the hearing. In the letter, Ms. Sias indicated that she would not be able to attend the hearing. However, Ms. Sias did not contact the Court regarding her non-appearance, nor did she request from the court a continuance of the hearing.

The undersigned notes that the motion has been pending for five months, and that plaintiffs have had more than sufficient time in which to prepare a response, be admitted to practice in this court or associate counsel who is a member of the bar of this court. The fact that plaintiffs' counsel did none of these things, and did not file an opposition or contact the court directly to request a continuance of the hearing, is simply unacceptable.

Having reviewed the motion to dismiss, the undersigned finds that the fax filing statute, LSA-R.S. 13:850 has not been complied with. The chronology set out by counsel for the defendant in the motion to dismiss is fully supported by the attachments to the motion. [Record doc. 6]. The petition was filed, by fax, with the Clerk of Court in Evangeline Parish on May 1, 2008. On or around May 5, 2008 plaintiff's counsel hand-delivered a check in the amount of $275 to the Clerk of Court for payment of the required filing fees. The original petition was not provided to the Clerk of Court that day, and was mailed to the Clerk who received it on May 15, 2008.[3]

>LSA-R.S. 13:850 provides as follows:
>
>A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
>
>B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
>
>(1) The original signed document.
>
>(2) The applicable filing fee, if any.

---

[3] A deputy clerk of Court had called plaintiff's counsel on May 13, 2008 inquiring about the original petition

> (3) A transmission fee of five dollars.
>
> C. *If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.* The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (emphasis added)

Here it is undisputed that the original petition was not provided to the Clerk of Court until well after he five day delay provided for in 13:850B had expired. Similarly, it is clear that counsel for the plaintiff simply forgot to bring the original petition to the clerk's office, and then forgot to mail it to the clerk's office until being reminded to do so on May 13. Under the circumstances, and in the words of the statute, the facsimile filing has no force or effect. Accordingly, the petition, which was validly removed to this court by the defendant, is prescribed on its face and the motion to dismiss should be granted.

Accordingly, the undersigned recommends that the Motion to Dismiss be **GRANTED,** and that all claims filed by the plaintiffs be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections

with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

Signed March 23, 2009, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE